IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSEPH TOWNSEND PLAINTIFF

v. Case No. 4:16-cv-04036

AUTOZONE STORES, INC., *et al* DEFENDANTS

# ORDER

Before the Court are two motions to dismiss (ECF Nos. 6 and 14) filed by Defendants AutoZone Stores, LLC,[1] AutoZone Development, LLC, AutoZone Texas, LLC, AutoZoners, LLC, and Randy Magness (collectively referred to as "Defendants"). Subsequent to Defendants' first Motion to Dismiss, (ECF No. 6), Plaintiffs filed an Amended Complaint which seeks relief on allegations of additional violations. Plaintiff's Amended Complaint thus supersedes the original Complaint, and Defendants' First Motion to Dismiss (ECF No. 6) is moot. Plaintiff has filed a response to Defendants' second Motion to Dismiss (ECF No. 25), and Defendants have replied (ECF No. 26). The Court finds this matter ripe for consideration.

## I. BACKGROUND

Plaintiff is an African American male who was hired by Separate Defendants AutoZone Stores, LLC (hereinafter referred to as "AutoZone Stores") and AutoZoners, LLC (hereinafter referred to as "AutoZoners") in 1995.[2] Plaintiff contends that he was subjected to discriminatory treatment based upon his race during his employment. Specifically, Plaintiff asserts that he was denied promotions in favor of lesser qualified Caucasian applicants, falsely accused of taking

[1] The Amended Complaint names "AutoZone Stores, Inc." as a separate defendant. Defendants inform the Court that AutoZone Stores, LLC is the successor by merger of AutoZone Stores, Inc. The Court will accordingly refer to AutoZone Stores, Inc. as AutoZone Stores, LLC for the purpose of this motion.

[2] Unless otherwise noted, all facts are taken from Plaintiff's Amended Complaint (ECF No. 11).

store products in violation of company policy, and illegally denied overtime wages. In addition, Plaintiff contends that Separate Defendant Randy Magness, Plaintiff's most recent district manager, transferred him to a different store against company policy on June 6, 2011. Plaintiff asserts that he reported Magness to the regional manager and filed employment discrimination and retaliation charges with the EEOC against Magness. On September 13, 2011, Plaintiff was terminated from his position.

## II. PROCEDURAL HISTORY

On October 13, 2011, Plaintiff filed an EEOC charge against Defendants. Plaintiff received his right to sue letter from the EEOC on August 10, 2012. On November 8, 2012, Plaintiff filed an action in the Circuit Court of Lafayette County, Arkansas, against Separate Defendants AutoZone Stores, and Randy Magness alleging violations of 42 U.S.C. § 1981, the Arkansas Civil Rights Act ("ACRA"), Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), the Arkansas Minimum Wage Act ("AMWA") and the Fair Labor Standards Act (FLSA). The action was later removed to federal court. Plaintiff subsequently filed a motion pursuant to Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss his claims against Defendants without prejudice, which was granted by this Court on October 2, 2014.

On October 2, 2015, Plaintiff filed the instant action in the Circuit Court of Lafayette County, Arkansas. The Complaint alleged claims of race discrimination and retaliation in violation of the ACRA. The Complaint also alleged violations of the FLSA and the AMWA. The Complaint named AutoZone Stores, Inc., AutoZone Stores, LLC, AutoZone Development, LLC (hereinafter referred to as "AutoZone Development"), AutoZone Texas, LLC (hereinafter referred to as "AutoZone, Texas"), AutoZoners and Randy Magness as Separate Defendants.

On April 4, 2016, Plaintiff filed his Amended Complaint. In his Amended Complaint, Plaintiff asserts claims of race discrimination and retaliation in violation of the ACRA and 42 U.S.C. § 1981. The Amended Complaint also alleges violations of the AMWA. The Amended Complaint asserts each of the aforementioned claims against Separate Defendants AutoZone Stores, AutoZoners, and Randy Magness. The suit was removed to this Court on April 20, 2016.

## III. LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may assert, by motion, a defense of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss should only be granted when a plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a 12(b)(6) motion to dismiss, the Court accepts all facts alleged in the Complaint as true. *Knapp v. Hanson*, 183 F.3d 786, 788 (8th Cir. 1999). The Court must construe all reasonable inferences arising from the complaint in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp*., 388 F.3d 588, 590 (8th Cir. 2004).

## IV. DISCUSSION

### A. Separate Defendants AutoZone Development and AutoZone Texas

First, Defendants move the Court to dismiss all claims against AutoZone Development and AutoZone Texas. Defendants contend that Plaintiff's Amended Complaint fails to assert any facts that would support relief against these Defendants. Defendants further assert that, although Plaintiff's original Complaint (ECF No. 4) named AutoZone Development and AutoZone Texas as defendants, the Amended Complaint removes both of them from the caption and body of the pleading. Defendants argue that, as a result of this omission, Plaintiff intended to dismiss all claims against AutoZone Development and AutoZone Texas. Defendants move the court to

construe the Amended Complaint as a motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). In his Response, Plaintiff does not appear to oppose Defendants' argument that he voluntarily dismissed the claims against AutoZone Development and AutoZone Texas through filing the Amended Complaint.

"An amendment pursuant to Rule 15 that eliminates (or proposes to eliminate) all causes of action against a particular defendant is the same as a motion to dismiss under Rule 41(a)(2) as to that defendant." *Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd.*, 177 F.R.D. 351, 355 (E.D. Va. 1998). When a plaintiff "seeks the equivalent of a voluntary dismissal through some other procedural device, the court may treat the application as if made under Rule 41(a)(2)." Moore's Federal Practice, Civil - § 41.40 [4][a] (2015); *see also Cooper v. City of Westerville, Ohio*, No. 2:13-cv-427, 2014 WL 617650, at *6 (S.D. Ohio Feb. 18, 2014) (construing a plaintiff's amendment under Rule 15, which dropped all § 1983 claims against defendants, as a proper dismissal under Rule 41).

In the present case, Plaintiff essentially dismissed his claims against Separate Defendants AutoZone Development and AutoZone Texas through the filing of amendments to his original Complaint which removed all references to them. Although Plaintiff did not file a Rule 41(a) motion for voluntary dismissal, the effect of his amendments to the original Complaint was that of voluntarily dismissing those parties. The Court concludes that Plaintiff's Amended Complaint is properly construed as a voluntary dismissal under Rule 41 as to Separate Defendants AutoZone Development and AutoZone Texas. Accordingly, the Court finds that Defendants' Motion to Dismiss as to Separate Defendants AutoZone Development and AutoZone Texas should be granted and all claims against these Separate Defendants should be dismissed without prejudice.

**B. Separate Defendant AutoZone Stores**

Defendants next assert that the ACRA employment discrimination claim against AutoZone Stores should be dismissed because it was not Plaintiff's "employer" for purposes of the ACRA. Defendants argue that AutoZoners is the sister company of AutoZone Stores, and it is the entity responsible for staffing AutoZone stores in Arkansas. In addition, Defendants assert that the management team from AutoZoners is responsible for the day-to-day management of AutoZone stores throughout Arkansas. Defendants assert that AutoZoners is Plaintiff's employer, and that AutoZone Stores is a separate and distinct entity that operates as the sales agent to the general public. Defendants argue that Plaintiff's claim should be dismissed against AutoZone Stores because AutoZone Stores was not Plaintiff's employer or involved in the personnel decisions underlying his Amended Complaint. In addition, Defendants argue that Plaintiff has failed to allege sufficient facts that would give rise to a "joint employer relationship" between AutoZoners and AutoZone Stores.

The Court concludes that Plaintiff has sufficiently alleged enough facts for his ACRA employment discrimination claim against AutoZone Stores to survive Defendants' Motion to Dismiss. The Court is authorized to look to federal decisions for guidance when considering an employment discrimination claim under the ACRA. *See* Ark. Code Ann. § 16-123-105(c); *see also Island v. Buena Vista Resort*, 103 S.W.3d 671 (Ark. 2003). After accepting the allegations set forth in the Amended Complaint as true, the Court concludes that dismissing Plaintiff's ACRA employment discrimination claim against AutoZone Stores on the basis that AutoZone Stores was not his employer would be improper at this early stage in the litigation. *See e.g.*, *Miller v. Eagle Tug Boat Co.*, No. 09-0401-CG-B, 2009 WL 4751079, at *4 (S.D. Ala. Dec. 8,

2009) (accepting factual allegations in complaint as true and denying defendant's motion to dismiss a Title VII claim on the grounds that plaintiffs sued the wrong employer).

As to the joint employer relationship between AutoZone Stores and AutoZoners, Plaintiff argues that he has sufficiently alleged facts in the Amended Complaint that support a joint employer relationship between AutoZoners and AutoZone Stores. Specifically, Plaintiff asserts that the Amended Complaint alleges that AutoZoners and AutoZone Stores "shared programs for their personnel, payroll, insurance, office space or equipment" and further alleged that both entities shared common management and maintained centralized control of their labor relations. (ECF No. 25, p. 3).

In *Baker*, the Eighth Circuit adopted the standard to be used when determining whether legally separate entities should be treated as joint employers for purposes of an employment discrimination action. *Baker v. Stuart Broad. Co.*, 560 F.2d 389, 392 (8th Cir. 1977). The standard articulated in *Baker* considers the following four factors in its analysis: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations; and (4) common ownership or financial control. *Id*. No one factor is determinative. *Id*.

Plaintiff has alleged that AutoZone Stores and AutoZoners "[b]oth acted as his employer, hiring him, firing him, denying promotions, denying overtime pay, transferring him, setting his pay, setting his duties, [and] giving him instruction." (ECF No. 11, p. 1). Plaintiff further alleges that AutoZone Stores "dominates AutoZone[ers], having regular contact with AutoZoners . . . and having its management control AutoZoners." *Id*. Plaintiff also alleges that AutoZone Stores "controls hiring and firing, transfers, promotions, sets policy, does the accounting, the billing, handles benefits, has the same business offices, [and has] employees in common" with AutoZoners. On the face of the Amended Complaint, Plaintiff has alleged that Separate

Defendant AutoZone Stores was his employer due to a joint employer relationship with AutoZoners. Accordingly, Defendants' motion to dismiss Plaintiff's ACRA employment discrimination claims against Separate Defendant AutoZone Stores should be denied.

**C. Separate Defendant Randy Magness**

Next, Defendants contend that Plaintiff's ACRA employment discrimination claim fails as a matter of law as to Separate Defendant Randy Magness. Defendants assert that Ark. Code Ann. § 16-123-107(c)(1)(A) prohibits employers from engaging in discriminatory employment practices, and that employers are defined by the ACRA to be "person[s] who employ[] nine or more employees . . . in each of twenty (20) or more calendar weeks in the current or preceding calendar year, or any agent of such person." Ark. Code Ann. § 16-123-102(5).

Defendants assert that Magness was an individual supervisor and Plaintiff's employment discrimination claim against him should be dismissed because he does not meet the ACRA's definition of an "employer." In his response, Plaintiff agrees that Separate Defendant Magness is an improper Defendant under Ark. Code Ann. § 16-123-107(c). (ECF No. 25, p. 2). The Court will thus construe Plaintiff's response as a concession that this claim should be dismissed. Accordingly, Plaintiff's ACRA employment discrimination claim against Separate Defendant Randy Magness should be dismissed.

**D. Separate Defendant AutoZoners**

**a. ACRA Race Discrimination Claim**

Next, Defendants assert that all claims against AutoZoners are barred by the applicable statutes of limitation and that AutoZoners should be dismissed from the action as a result. First, Defendants argue that the ACRA race discrimination claim filed against AutoZoners is barred by the statute of limitations and therefore should be dismissed as untimely. Plaintiff responds that

the savings statute applies because he refiled the ACRA claim within one year of a voluntary dismissal. *See* Ark. Code Ann. § 16-56-126. Defendants reply that Plaintiff cannot take advantage of the Arkansas savings statute because the initial action was never "commenced" against AutoZoners. Specifically, Defendants contend that Plaintiff named AutoZone Stores in the initial action and did not name or serve AutoZoners as a defendant. Plaintiff argues that the "defective service" in the initial action does not defeat the savings statute in this matter.

Plaintiff received his right to sue letter from the EEOC on August 10, 2012. The initial Complaint was filed against AutoZone Stores and Randy Magness in the Circuit Court of Lafayette County, Arkansas, on November 8, 2012, and was later removed to this Court on January 8, 2013. Plaintiff's motion to voluntarily dismiss that suit was granted and the case was dismissed without prejudice on October 2, 2014. *See Townsend v. AutoZone Stores, Inc. et al*, No. 4:13-cv-04006 (W.D. Ark. Oct. 2, 2014), ECF No. 30. On October 2, 2015, Plaintiff filed a second action in the Circuit Court of Lafayette County, and later filed the Amended Complaint in the same court on April 4, 2016. The suit was removed to this Court on April 20, 2016.

The ACRA's statute of limitations requires that a plaintiff file a race-based employment discrimination claim either within one year after the alleged employment discrimination occurred or within ninety days of receiving a "Right to Sue" letter from the EEOC, whichever is later. Ark. Code Ann. § 16-123-107(c)(3). On the face of the Amended Complaint, Plaintiff's ACRA employment discrimination claim against AutoZoners is untimely as the claim was not filed within ninety days of Plaintiff's receipt of his "Right to Sue" letter. However, the statute of limitations for Plaintiff's claim is considered tolled if he properly complied with the requirements of the Arkansas savings statute in the initial lawsuit.[3]

[3] Because this issue involves the sufficiency of service of process prior to this case's removal to federal court, the Court concludes that Arkansas law applies. *See Barner v. Thompson/Center Arms Co. Inc.,* 796 F.3d 897, 900 (8th

Under the Arkansas savings statute, "[i]f any action is commenced within the time . . . prescribed . . . and the plaintiff therein suffers a nonsuit, . . . the plaintiff may commence a new action within one (1) year after the nonsuit suffered." Ark. Code Ann. § 16-56-126. In order for the savings statute to apply, a plaintiff must complete service on the defendant in the initial action within the time required by the Arkansas Rules of Civil Procedure. *See e.g.*, *Long v. Bonds*, 200 S.W.3d 922 (Ark. Ct. App. 2005). Otherwise, the initial lawsuit was never "commenced" for purposes of the savings statute. *Id*. Although Arkansas courts have held that the initial suit was properly commenced if service was completed but later found to be defective or flawed, "[a]t a minimum, service of process must have been timely attempted for the savings statute to be applicable." 1 Howard W. Brill, et al., Arkansas Law of Damages § 13:9. Arkansas courts have held that the savings statute is inapplicable in cases where a plaintiff fails to serve a defendant within the time required by the Arkansas Rules of Civil Procedure. *See e.g.*, *Hicks v. Clark*, 870 S.W.2d 750 (Ark. 1994).

In the present case, Plaintiff concedes that he did not name or serve AutoZoners in compliance with the Arkansas Rules of Civil Procedure in his initial action. However, Plaintiff relies on *Retting v. Ballard*, 362 S.W.3d 260 (Ark. 2009), to assert that he is entitled to the savings statute because he refiled the ACRA claim within one year of a nonsuit. The Court is not persuaded by Plaintiff's argument. In *Retting*, the Arkansas Supreme Court held that the savings statute applied because the plaintiffs timely completed service of the complaint and a defective summons. *Id*. at 263. "Thus, while the summonses were defective, the action was commenced for purposes of the savings statute because the statute protects those who in good faith file and

Cir. 2015) ("In a case that has been removed from state court, the sufficiency of service of process prior to removal is determined by state law . . . and after removal, by federal law.").

timely serve an action who would otherwise suffer a complete loss of relief on the merits due to a procedural defect." *Id*.

Unlike the plaintiffs in *Retting*, Plaintiff makes no mention of attempting to serve a complaint or summons on Separate Defendant AutoZoners, a separate entity from AutoZone Stores, in the initial action. Because Plaintiff failed to timely serve AutoZoners with the complaint and summons in the initial action, the Arkansas savings statute does not apply. Accordingly, Defendants' request to dismiss Plaintiff's ACRA race discrimination claim against Separate Defendant AutoZoners as untimely should be granted.

**b. AMWA Claim**

Next, Defendants assert that Plaintiff's claim brought against AutoZoners pursuant to AMWA, Ark. Code Ann. §§ 11-4-201 *et seq*., should also be dismissed as time-barred. Defendants note that a cause of action brought pursuant to the AMWA must be initiated within three years after the cause of action accrues. Defendants argue that Plaintiff's AMWA claim is time-barred and cannot be tolled by the Arkansas savings statute because Plaintiff failed to name or serve AutoZoners in his initial action. Plaintiff again argues that his claims are tolled due to the savings statute and cites *Retting v. Ballard* in support of his contention.

A review of the record reveals that Plaintiff asserted an AMWA claim against Separate Defendants AutoZone Stores and Randy Magness in his initial action. However, as noted above, Plaintiff failed to name or serve AutoZoners in that action. Because Plaintiff failed to name or serve AutoZoners in his initial action, Plaintiff cannot avail himself of the Arkansas savings statute. Thus, Plaintiff's AMWA claim against AutoZoners is time-barred because it was asserted after the three year statute of limitations period ended. *See Douglas v. First Student, Inc.*, 385 S.W.3d 225, 228 (Ark. 2011) (holding that a three-year statute of limitations applies to

private causes of action brought pursuant to the AMWA). Accordingly, Defendants' Motion to Dismiss Plaintiff's AMWA claim against AutoZoners as untimely should be granted.

**c. ACRA Retaliation Claim**

Defendants further assert that Plaintiff's ACRA retaliation claim against AutoZoners should be dismissed because of its untimely filing. The statute of limitations for a retaliation claim brought under the ACRA is three years. *See Smith v. ConAgra Foods, Inc.*, 431 S.W.3d 200, 204 (Ark. 2013). As noted above, Plaintiff failed to assert this claim against AutoZoners in his initial action and cannot take advantage of the Arkansas savings statute. Accordingly, Defendants' Motion to Dismiss the ACRA retaliation claim against AutoZoners as untimely should be granted.

**d. Section 1981 Claims**

Defendants next assert that Plaintiff's § 1981 discrimination and retaliation claims against AutoZoners are untimely and should also be dismissed. Defendants argue that the applicable statute of limitations for § 1981 claims is four years, and that Plaintiff did not bring his claims against AutoZoners until August 4, 2016, which was after the limitations period had expired. Plaintiff responds that his § 1981 claims are not time-barred because the filing of his original Complaint tolled the statute of limitations for those claims. Plaintiff cites a prior order issued by the Court in *Harrell v Magnolia Regional Medical Center*, No. 1:14-cv-01058 (W.D. Ark. May 15, 2015), ECF No. 17 (order denying motion to dismiss), in support of his contention. In addition, Plaintiff asserts that his Amended Complaint, which added the § 1981 claims against AutoZoners, relates back to the date of his original Complaint under Rule 15 of the Federal Rules of Civil Procedure.

The applicable statute of limitations for race discrimination and retaliation claims under § 1981 is four years. *See Jackson v. Homechoice, Inc.*, 368 F.3d 997, 999 (8th Cir. 2004). The statute of limitations for a cause of action under § 1981 begins to run on the date that the discriminatory act occurred. *See Chardon v. Fernandez*, 454 U.S. 6, 8 (1981). Plaintiff's termination on September 13, 2011, is the last discriminatory act to have allegedly occurred in this case.

Thus, the Court finds that the statute of limitations for Plaintiff's § 1981 claims began to run on September 13, 2011, and the accrual date for those claims was September 13, 2015. On the face of the Amended Complaint, Plaintiff's § 1981 claims are untimely as the claims against AutoZoners were filed on August 4, 2016. Accordingly, Plaintiff's § 1981 claims may survive only if he can take advantage of tolling.

The Court finds that its opinion in *Harrell* is inapplicable. In *Harrell*, Federal Rule of Civil Procedure 3 governed commencement and tolling of the statute of limitations because the action was originally filed in federal court. In the present case, the action originated in the Circuit Court of Lafayette County, Arkansas. "An action filed in state court and subsequently removed to federal court is, as a matter of law, commenced pursuant to the rules of the state where the action originated." 1-3 Moore's Federal Practice - Civil § 3.02 (2015); *see also Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir. 1989) (recognizing the "well-established rule that a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court, even though the cause of action arises from federal law."). Accordingly, Federal Rule of Civil Procedure 3 is inapplicable in this matter and commencement is governed by Arkansas law.

As noted above, Arkansas law requires that an action be commenced before the statute of limitations for a claim can be tolled, and an action is not commenced where a plaintiff fails to make timely service on a defendant in accordance with Arkansas Rule of Civil Procedure 4. Plaintiff failed to name or serve AutoZoners in his original Complaint and thus cannot take advantage of tolling. Accordingly, Plaintiff's § 1981 claims against AutoZoners are time-barred, and Defendants' Motion to Dismiss as to these claims should be granted.

## V. CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion to Dismiss (ECF No. 14) should be and hereby is **GRANTED IN PART and DENIED IN PART**. Plaintiff's claims against Separate Defendants AutoZone Development and AutoZone Texas are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's ACRA employment discrimination claim against Separate Defendant Randy Magness is **DISMISSED WITH PREJUDICE**. Plaintiff's ACRA, § 1981 and AMWA claims against Separate Defendant AutoZoners are **DISMISSED WITH PREJUDICE**. Accordingly, the Court finds that the following claims still remain in this action: the ACRA and § 1981 race-based employment discrimination claims as to AutoZone Stores; the ACRA and § 1981 retaliation claims as to AutoZone Stores and Randy Magness; and the AMWA claims as to AutoZone Stores and Randy Magness. In addition, the Court finds that Defendants' pending Motion to Dismiss (ECF No. 6), which is directed to the original Complaint, should be and hereby is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 4th day of November, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge