IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSEPH TOWNSEND                                                          PLAINTIFF

v.                                    Case No. 4:16-cv-04036

AUTOZONE STORES, LLC; and
RANDY MAGNESS                                            DEFENDANTS

**<u>ORDER</u>**

Before the Court is a Motion for Protective Order filed by Defendant AutoZone Stores, LLC ("AutoZone Stores"). ECF No. 53. Plaintiff Joseph Townsend ("Townsend") has filed a response in opposition to the motion. ECF No. 57. In addition, Townsend has filed a Verified Motion to Stay, to Compel Deposition and for Sanctions. ECF No. 55. AutoZone Stores has filed a reply. ECF No. 60. The Court finds this matter ripe for its consideration.

**I. BACKGROUND**

This is an action involving alleged violations of the Arkansas Civil Rights Act, 42 U.S.C. § 1981, and the Arkansas Minimum Wage Act. For the purpose of this Order, the Court will only provide the facts and procedural background relevant to the instant motion.

On May 8, 2017, Townsend served AutoZone Stores with a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Def.'s Ex. 1. The notice requests that AutoZone Stores[1] designate a representative to provide testimony regarding twenty-nine issues contained within the notice. In addition, the notice requests that AutoZone Stores produce any documents it used to prepare the witness for the deposition. Most of the topics noticed for deposition relate to Townsend's employment and include the following subjects: Townsend's complaints of racial discrimination and retaliation; the decision to terminate his employment;

---
[1] The Notice of Deposition is addressed to AutoZone Stores, Inc., which is the predecessor of AutoZone Stores, LLC.

AutoZone Stores' anti-discrimination and retaliation policies and investigations; the results of any investigations of Townsend during his employment; and the persons who participated in the decision to hire Townsend's replacement. Def.'s Ex. 1.

The notice further indicates that the deposition would take place on May 18, 2017. In the email that accompanied the notice, Townsend's counsel provided, in relevant part, as follows: "If the date, time or location, is inconvenient let me know, but I would like to get the notice before the Court ASAP." Def.'s Ex. 2. AutoZone Stores contacted Townsend's counsel on the same date and informed him that they were unavailable on May 18.

On May 9, 2017, AutoZone Stores contacted Townsend's counsel via email to state its objections to the deposition notice. Def.'s Ex. 2. In the email, AutoZone Stores contended that it lacked information that was responsive to the Rule 30(b)(6) notice on the basis that it was not Townsend's employer. In support of this contention, AutoZone Stores noted that the Notice of Deposition was directed to AutoZone Stores, Inc., the predecessor of AutoZone Stores, LLC. In addition, AutoZone Stores argued that the noticed topics concerned Townsend's employment and termination, and that it "does not have any employees, has never had any employees, and has never employed . . . Townsend or the regional managers involved in the recommendation and decision to terminate his employment."

AutoZone Stores specifically contended that AutoZoners, LLC ("AutoZoners") is its sister company, and that AutoZoners employs retail store employees for AutoZone stores in Arkansas. AutoZone Stores further asserted that it maintained no control over AutoZoners. At the conclusion of the email, AutoZone Stores asked whether Townsend's counsel would consider withdrawing the 30(b)(6) notice and, if not, whether the deposition could be rescheduled or postponed until the Court issued a ruling on a motion for a protective order.

In response, Townsend's counsel asked whether AutoZone Stores was stating that the information sought to be covered in the deposition was not under AutoZone Stores' control. AutoZone Stores replied that Townsend's counsel misconstrued the standard under Rule 30. During the exchange, AutoZone Stores maintained that it would be unable to produce a deponent to testify on its behalf because the information was not known or reasonably available to AutoZone Stores. Townsend's counsel then sought clarity as to whether AutoZone Stores had "administrative control" over any of the documents responsive to his request. The parties then exchanged several more emails. At the conclusion of the exchange, Townsend's counsel requested AutoZone Stores' "formal objections" to the notice and stated that he would accommodate AutoZone Stores' request on another date for the deposition. AutoZone Stores responded by stating that it would file a motion for protective order the following week.

On May 16, 2017, AutoZone Stores filed the instant motion with respect to the Rule 30(b)(6) deposition, as well as a Motion for Partial Summary Judgment. ECF No. 50. In his response to the motion for a protective order, Townsend stated that he noticed a deposition on May 18, 2017, and AutoZone Stores failed to appear. Townsend further asserts that, despite filing a motion for a protective order, AutoZone Stores' failure to appear was unexcused and a "record of non-appearance" was made as a result. Included in Townsend's response is a motion to stay the time to respond to AutoZone Stores' Motion for Partial Summary Judgment. In the alternative, Townsend requests that the Court extend the deadline to file a response to AutoZone Stores' summary judgment motion by 30 days. Townsend further moves the Court to extend the discovery deadline or stay the Court's scheduling order; compel AutoZone Stores to appear at a deposition; and impose sanctions for failure to appear at the prior deposition pursuant to Rule 37. The Court will consider each of the parties' motions in turn.

## II. DISCUSSION

**A. AutoZone Stores' Motion for Protective Order**

The Court will first address AutoZone Stores' motion for a protective order to prohibit Townsend from deposing a witness about any of the twenty-nine topics set forth in the Rule 30(b)(6) Notice of Deposition.[2] Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders. Rule 26 provides, in relevant part, as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.

Fed. R. Civ. P. 26(c)(1). The party seeking a protective order "bears the burden of making the 'good cause' showing that the information being sought falls within the scope of Rule 26(c), and that he will be harmed by its disclosure." *Reese v. Reyes*, No. CIV.A. 07-5227, 2008 WL 2186330, at *1 (W.D. Ark. May 23, 2008) (citing *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 954 n. 5 (8th Cir. 1979)). Upon a showing of good cause, the Court may protect the moving party from annoyance, embarrassment, oppression, or undue burden or expense by issuing an order forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(D).

Townsend served AutoZone Stores with a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), which governs depositions of corporate and organizational entities. Upon the receipt of a Rule 30(b)(6) notice of examination, a corporation must designate one or more persons to testify on its behalf. Fed. R. Civ. P. 30(b)(6). The corporation "must make a conscientious good-faith endeavor to designate . . . persons having knowledge of the matters

---

[2] AutoZone Stores initially requested that the Court reserve ruling on its motion until the Court issues a ruling on the pending Motion for Partial Summary Judgment. However, in its reply brief, AutoZone Stores appears to request that the Court issue a ruling on the instant motion.

4

sought by the party noticing the deposition and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject maters." *Honda Lease Trust v. Middlesex Mut. Assure. Co.*, No. 3:05CV1426, 2008 WL 3285242, at *3 (D. Conn. Aug. 7, 2008) (citing *Sony Elecs., Inc. v. Soundview Techs., Inc.*, 217 F.R.D. 104, 112 (D. Conn. 2002)). However, the person that the corporation designates as a Rule 30(b)(6) deponent is only required to "testify about information known or reasonably available" to the corporation with regard to the relevant subject matters. *Id.* "The determination of whether information is known or reasonably available to a corporation requires a fact-specific analysis." *Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235, 239 (D. Md. 2010). "Where a company fails to provide sufficient evidence why it would not have access to the basic information of its affiliate(s), that information is presumed to be known or reasonably available to the corporation." *Id*. (citing *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 509 (D.S.D. 2009)).

According to AutoZone Stores, it has never employed Townsend or any of the employees or managers involved in the decision to terminate Townsend's employment. AutoZone Stores further argues that it does not maintain control over any personnel who work inside AutoZone retail stores "or who support and perform services for the retail stores as district or regional staff managers." ECF No. 54, p. 3. AutoZone Stores maintains that AutoZoners is its sister corporation, and that AutoZoners is the entity that employs staff and managers in AutoZone retail stores throughout Arkansas. Thus, AutoZone Stores maintains that its motion for a protective order should be granted on the basis that it has no information known or reasonably available to it regarding the topics outlined in Townsend's Notice of Deposition. AutoZone Stores further argues that it cannot be compelled to acquire such knowledge from a related corporation such as AutoZoners.

AutoZone Stores cites to *Honda*, 2008 WL 3285242, at *3, in opposition to Townsend's request to notice a Rule 30(b)(6) deposition. In *Honda*, Honda Lease Trust ("Honda") was sued after a driver caused an accident while operating a Honda-leased vehicle. *Id*. at 1. The victim of the accident sued the driver, as well as Honda, who was an additional insured under the driver's insurance policy. The insurance policy had a policy limit of $300,000 and was issued by Middlesex Mutual Assurance Company ("Middlesex"). *Id*. The issue before the *Honda* court involved an additional insurance policy issued to Honda that provided $1 million in coverage. *Id*.

Middlesex served Honda with a Rule 30(b)(6) deposition notice demanding that Honda designate witnesses to testify as to six topics related to the $1 million insurance policy. *Id*. Honda objected to the deposition notice and sought a protective order on the basis that the documents and information Middlesex sought were in the possession of one or more of Honda's related corporations. *Id*. Honda argued that it did not have any employees with knowledge of the six topics. *Id*. at *2. Honda further contended that it did not have an obligation to produce employees of other corporations to testify on its behalf regarding the topics at issue. *Id*.

The court agreed that Honda was not required to produce employees of any related company as Rule 30(b)(6) witnesses. *Id*. at *3. However, the court noted that to the extent that Honda itself had knowledge of the topics set forth in the deposition notice, it had an obligation to designate and prepare its witnesses for a Rule 30(b)(6) deposition. *Id*.

AutoZone Stores further relies upon *In re Ski Train Fire of November 11, 2000 Kaprun Aus.*, in support of its argument that it cannot be compelled to produce an individual to testify as to matters concerning another company. No. MDL 1428(SAS)THK, 2006 WL 1328259, at * 9 (S.D.N.Y. May 16, 2016). There, the dispute stemmed from a fire that occurred on a ski train in

Austria. *Id*. at *1. Siemens Austria was involved in the manufacture and/or installation of the electrical components that started the fire. *Id*. The district court previously dismissed Siemens Austria from the action for lack of jurisdiction. *Id*. However, the plaintiffs alleged that Siemens AG, the parent company of Siemens Austria, supplied the components to Siemens Austria to install in the train. *Id*. The plaintiffs noticed a Rule 30(b)(6) deposition which sought the depositions of a number of Siemens Austria employees on the basis that they were within the control of Siemens AG and, therefore, Siemens AG had a duty to produce them. *Id*. at *9.

The court explained that "[u]nlike the language of Rule 34, Rule 30 of the Federal Rules of Civil Procedure does not require a party to litigation to produce persons for deposition who are merely alleged to be in the party's control." *Id*. The court noted that there was no evidence that Siemens AG was involved in the topics to be explored in the Rule 30(b)(6) deposition, such as the renovation of the train or the installation of any parts on the train. *Id*. The court then reasoned as follows:

> All the knowledge of Siemens Austria is not "reasonably available" to Siemens AG. It is one thing to require a corporate parent to produce documents in the possession of its foreign subsidiary, when, as a practical matter, it is able to secure those documents. It is simply not comparable to require a corporate parent to acquire all the knowledge of a subsidiary on matters in which the parent was not involved, and to testify to those matters in a manner which binds the parent, a separate legal entity.

*Id*. The court concluded that the plaintiffs' Rule 30(b)(6) notice was an attempt to circumvent the district court's prior decision dismissing Siemens Austria, which concluded that Siemens Austria and Siemens AG were distinct legal entities. *Id*. Thus, the court declined to authorize a Rule 30(b)(6) deposition on matters in which Siemens Austria was not involved. *Id*.

In the present case, Townsend counters that AutoZone Stores is merely arguing that it is not a proper defendant on the basis that it was not Townsend's employer. Townsend argues that

7

this does not mean that AutoZone Stores lacks control over the documents requested in the Notice of Deposition. Townsend contends that AutoZone Stores has control over those documents that it has the right, authority, or practical ability to obtain from a non-party in the action. Townsend further asserts that he is entitled to depose a representative from AutoZone Stores regarding whether AutoZone Stores is a joint employer, as well as Patrick Johnson, an employee of AutoZone Stores.[3]

The Court finds Townsend's arguments unavailing. As an initial matter, the Court finds the cases cited by Townsend in support of his position to be inapposite as they concern requests for discovery materials pursuant to Federal Rule of Civil Procedure 34(a). As the court noted in *In re Ski Train*, the standard applicable to Rule 30 differs from the standard used under Rule 34. The Court further notes that the only documents that Townsend requested in the Notice of Deposition are those that AutoZone Stores would have used to prepare its Rule 30(b)(6) deponent. Moreover, while the Court recognizes that Townsend may wish to depose Patrick Johnson, Townsend may do so at a later date through a discovery method other than the Rule 30(b)(6) Notice of Deposition currently at issue.

Based on the particular facts of this case, the Court finds that AutoZone Stores is not required to produce 30(b)(6) witnesses of its sister corporation, AutoZoners, to testify as to certain topics noticed for deposition. Similar to *In re Ski Train*, no evidence has been presented to establish that AutoZone Stores was involved in many of the transactions related to the topics noticed in the Rule 30(b)(6) Notice of Deposition such as those concerning Townsend's employment and the decision to terminate him. Thus, AutoZone Stores is entitled to a protective order regarding those topics. However, the Court notes that a blanket protective order is

---

[3] Patrick Johnson is employed by AutoZone Stores as a Tax State Income Manager. ECF No. 50, Ex. 1. AutoZone Stores offered Johnson's declaration in support of its Motion for Partial Summary Judgment.

unwarranted, as some of the topics noticed in the Notice of Deposition should be known or readily available to AutoZone Stores. These topics include, but are not necessarily limited to, the factual basis for the asserted affirmative defenses and the facts underlying the denial of the allegations in the operative Complaint. Accordingly, to the extent that AutoZone Stores has knowledge of the topics set forth in the Notice of Deposition, it must prepare its own employees to testify as to those topics.

**B. Townsend's Motion to Stay the Time to Respond to AutoZone Stores' Motion for Partial Summary Judgment or, in the Alternative, Extend the Time to Respond**

Next, Townsend moves the Court to stay the time to respond to AutoZone Stores' Motion for Partial Summary Judgment (ECF No. 50) or, in the alternative, extend the deadline to file a response by 30 days. AutoZone Stores has filed a response in opposition to the motion.

Upon consideration, the Court finds that no good cause has been shown for a stay of the time to respond to AutoZone Stores' Motion for Partial Summary Judgment. However, the Court will afford Townsend 30 days from the entry of this Order to file a response to AutoZone Stores' Motion for Partial Summary Judgment.

**C. Townsend's Motion to Extend the Discovery Deadline or, in the Alternative, Stay the Court's Scheduling Order**

Townsend next moves the Court to extend the discovery deadline or stay the Court's scheduling order. AutoZone Stores has filed a response in opposition to the motion. Pursuant to the Court's Final Scheduling Order, the current discovery deadline is set for July 3, 2017. Upon consideration, the Court finds that no good cause has been shown to stay the Court's Final Scheduling Order. However, the Court will afford the parties an additional thirty days to complete discovery as needed. The parties must file their dispositive motions no later than July 27, 2017.

### D. Townsend's Motion to Compel Deposition

Townsend further moves the Court to enter an order compelling AutoZone Stores' appearance at a deposition. For the reasons set forth in the Court's above analysis regarding AutoZone Stores' Motion for Protective Order, the Court finds that Townsend's Motion to Compel should be denied with regard to those topics noticed in the Rule 30(b)(6) Notice of Deposition that the Court has found to be not known or readily available to AutoZone Stores.

### E. Townsend's Motion for Sanctions

Lastly, Townsend moves the Court to impose sanctions against AutoZone Stores pursuant to Federal Rule of Civil Procedure 37. Rule 37 of the Federal Rules of Civil Procedure authorizes federal district courts to order sanctions if a party designated under Rule 30(b)(6) fails to appear for that party's deposition despite being served with proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include, among other things, striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action or proceeding in whole or in part, and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A). Furthermore, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

In the present case, the Court finds that sanctions against AutoZone Stores for its failure to appear at the deposition are unwarranted. The record reveals that AutoZone Stores informed Townsend that it had a scheduling conflict and would be unable to attend the noticed deposition on May 18, 2017. An email sent by Townsend's counsel indicates that he acknowledged the scheduling conflict and agreed to accommodate AutoZone Stores for another date and time.

Thus, it appears that AutoZone Stores' failure to appear at the deposition was justified, given that the email sent by Townsend's counsel indicated that he would reschedule the deposition. Accordingly, the Court finds that Townsend's motion for sanctions should be denied.

### III.  CONCLUSION

For the reasons stated above, the Court finds that AutoZone Stores' Motion for Protective Order (ECF No. 53) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. The Court finds that AutoZone Stores is not required to produce employees of any related company to testify regarding the topics related to Townsend's employment and termination. However, the Court finds that to the extent that AutoZone Stores has knowledge of any topics set forth in the deposition notice, it must prepare its own employees to testify as to those topics.

The Court further finds that Townsend's Motion to Stay, to Compel Deposition and for Sanctions (ECF No. 55) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.  Townsend's motion to stay the time to respond to the Motion for Partial Summary Judgment filed by AutoZone Stores is **DENIED**.  Townsend's alternative motion to extend the time to respond to the Motion for Partial Summary Judgment is **GRANTED**.  Townsend has up to and including thirty days from the entry of this Order to file a response to AutoZone Stores' partial summary judgment motion.

In addition, Townsend's motion to extend the discovery deadline is hereby **GRANTED**. The deadline for discovery set forth in the Court's Final Scheduling Order is extended by thirty days.  The parties must submit their dispositive motions no later than **July 27, 2017**. Townsend's motions to compel and for sanctions are **DENIED**.

**IT IS SO ORDERED**, this 27th day of June, 2017.

                                                        /s/ Susan O. Hickey
                                                       Susan O. Hickey
                                                       United States District Judge